W. H. RUNYON *et al. v.* A. W. FITZWATER *et al., Trustees*

(No. 6875)

Submitted April 21, 1931. Decided April 28, 1931.

*Daugherty & Daugherty*, for appellants.
*O. J. Deegan*, for appellees.

HATCHER, JUDGE:

This is a suit between two sets of church trustees. In 1914 J. H. Vaden conveyed a lot on 28th Street in Huntington, West Virginia, to W. H. Runyon, R. A. Hayes and E. C. Pine, trustees of the Church of Christ, of Huntington. The deed contained the following provisions:

"It is therefore provided that all so called re-
ligious ceremonies, performances, services, practice
or organizations not clearly authorized by the new

testament such as instrumental music in the worship the modern salaried pastors system, the organized choir as separate from or consisting of less that the whole congregation, fairs, festivals or other entertainments for raising money, societies or organizations with or separate from the congregation or church or as aids or auxiliaries to its work together with all and any schemes, methods and machinery not so authorized shall be forever excluded from the real estate hereinbefore described and from any structure which shall or may be erected thereon for a meeting house or for holding of religious services. And be it further provided that should the congregation of said Church of Christ ever become dissentent by reason of any effort being made to introduce into the assembly work worship or service thereof any of the aforesaid innovations or any other thing as a part or parcel of the work or services thereof or to teach or advocate the same or any part thereof which is not found in the New Testament then and in each such case the title to the real estate herein granted with all and singular improvements of every kind shall vest and remain in that part of said congregation which is or may be opposed to any innovations and adheres to the tenets, doctrines, discipline, faith, custom and practice of the said Church as now constituted and hereinabove set forth.''

A church was erected on the lot and used as a meeting house, until in 1927, a large majority of the congregation (seemingly all but the plaintiffs and one or two others) commenced to use a church on 21st Street for all ordinary church services, except that they still continued to use the church on 28th Street for baptismal purposes. In 1928 the congregation which used the 21st Street church nominated the defendants herein as trustees of ''the Church of Christ of Huntington, West Virginia,'' and the same were confirmed by an order of the circuit court of Cabell County. The plaintiffs contend that they are still trustees of the 28th Street church property, that the congregation which went to the 21st Street property are dissenters from the true faith of the church, that they retired from and abandoned the 28th Street property, and the plaintiffs seek in this proceeding to enjoin the defendants from acting as trustees thereof. The

circuit court found that the defendants were the legal trustees of the 28th Street property and dismissed the bill.

The brief for the appellants takes the following positions: First, the appellees and their followers dissented from the original doctrines of the Church of Christ as set forth in the deed from Vaden, and withdrew from the church on 28th Street and organized another and different body on 21st Street; and second, having done so, the appellees and their followers could not lawfully continue in control of the 28th Street property and deprive the appellants of its use for religious purposes. In support of the first proposition, R. A. Hayes, H. B. Cleveland, E. C. Pine, and W. H. Runyon testified that the congregation which went to the 21st Street church had departed from the original doctrines of the church, in that this congregation had agreed to pay their pastors regular salaries, had changed the Communion Service, had organized a Sunday School, and had permitted women to teach therein. Opposed to this testimony is that of witnesses M. A. Sowards, J. H. Patterson, J. C. Hessen, A. T. Jones, C. O. Switzer, E. M. King, A. W. Fitzwater, and A. J. Bachman and E. P. Watson who had served as pastors of this congregation, had preached in many states, and were conversant with the faith of the Church. These witnesses denied that any fixed salary was paid the pastors or that a Sunday School in the modern sense was organized. They admitted the formation of Bible classes and the use of women as teachers therein, but quoted passages from the New Testament in justification thereof (Acts 18:26; Titus 2:3), and claimed that these practices were not departures from the old faith. They also admitted the establishment of individual cups in the Communion Service instead of two cups as originally used, but said that this was done in compliance with the laws of the State of West Virginia (relative to public drinking cups), and that they did not consider it a material departure from the original practice. They testified that the neighborhood of the 28th Street building was not desirable from a church standpoint; that the congregation had outgrown the church house there, and that by an approximately unanimous vote at a regular business meeting the congrega-

tion decided upon a new location; hence their establishment of a church on 21st Street. From the evidence of Pastor Bachman it appears that the government of the church is "wholly and solely in the congregation." It further appears that written notice was given to every member of the congregation that an election of trustees would be held prior to the nomination of the defendants, and that same were nominated at a regular church meeting and were regularly confirmed by the circuit court.

So this suit is resolved into an evidential controversy in which the lower court has found in favor of the defendants. In view of the large number of witnesses for defendants and their plausible explanation of the conduct of the 21st Street congregation, we cannot say that the lower court is wrong. We have held so frequently that in such a ,case the decision of the lower court will be affirmed, that citation of authority is unnecessary.

*Affirmed.*